UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 4:10-CR-00040-1 |
| | § | |
| JAMES EARL DUNN, JR. | § | Hon. Judge Sim Lake |
| | § | |

_____

**UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**
_____

**TO THE HONORABLE SIM LAKE, UNITED STATES DISTRICT JUDGE:**

1. James Earl Dunn, Jr. ("Dunn"), through counsel, moves this Court for an order terminating Dunn's term of supervised release pursuant to 18 U.S.C. § 3583(e)(1) and Fed. R. Crim. P. Rule 32.1. Dunn has successfully completed 27 months of his 36-month sentence of supervised release. Early termination of supervised release is warranted due to Dunn's exemplary post-conviction adjustment and conduct, including completing discharging the financial obligations related to this case.

2. The United States is not opposed to an early terminating Dunn's term of supervised release.

**Background**

3. Dunn plead guilty to one count of fraudulent use of the seal or any department or agency of the United States, Title 18 U.S.C. § 506(a)(1)(2) and was sentenced on October 29, 2010. Dunn was sentenced to 27 months imprisonment, to run consecutively with a prior conviction. Dunn was sentenced to three (3) years of supervised release, assessment of $100 and

1

restitution of $46,519.  Dkt. [31].  Dunn's term of supervised release began on March 10, 2014.  *See* Dkt. [49].

4. Prior to his conviction in this case, Dunn was sentenced to 33 months of incarceration and three years of supervised release on September 3, 2009, by the Honorable Judge Lee H. Rosenthal in case number 4:07-CR-00226-001 for the offense of false claims against the Government, Title 18 U.S.C. § 287.  Dunn's term of supervised release began on March 10, 2014, and will continue until March 9, 2017.  Dunn is not seeking early termination of that sentence.

## Legal Standards

5. A former prisoner may seek a modification to a term of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).  Upon motion, a court may terminate a term of supervised release after one year of supervised release if the interest of justice and the defendant's conduct warrant it. *See* 18 U.S.C. § 3583(e)(1).  18 U.S.C. § 3583(e)(1) authorizes the Court, after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), to terminate supervised release at any time after the expiration of one year, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. 18 U.S.C. § 3583(e)(1).

6. "[T]he court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).  The Supreme Court has explained that "Congress intended supervised release to assist individuals in their transition to community life," such that "[s]upervised release fulfills rehabilitative ends, distinct from those

served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000); *see also Jeanes*, 150 F.3d at 485 ("The supervised release term serves a broader, societal purpose by reducing recidivism.").

7. The Fifth Circuit has noted that Section 3583(e)(1) "confers broad discretion" on a district court. *Jeanes*, 150 F.3d at 484. The procedure to modification to a term of supervised release is found in Rule 32.1. *United States v. Boston*, 419 Fed. Appx. 505, 506 (5th Cir. 2011). Before modifying the conditions of supervised release, the court must hold a hearing, except when the person waives the hearing, the relief sought is favorable and does not extend the term of supervised release or the Government does not object to the relief sought. *See* Fed. R. Crim. P. 32.1.

## Argument

**1. Early Termination of Dunn's Supervised Release is Warranted by his Conduct and is in the Interest of Justice.**

8. Dunn's conduct during his term of supervised release has been of exemplary character such as to warrant early termination. Dunn has diligently complied with the terms of his supervision. Due to Dunn's initial financial hardship after his release related to the quality of employment he was able to obtain, the Court reduced his monthly restitution payment. Dkt. [49]. Following a financial windfall, Dunn completely satisfied the restitution in this case, $46,519. Dunn was able to advance in his employment, which offers him the opportunity for continued success to meet the financial obligations related to his prior conviction and concurrent term of supervised release.

9. Dunn has, as is expected of him, faithfully adhered to all of the conditions of his sentence of supervised release. He has committed no new crimes, not unlawfully possessed a controlled substance, and completed his financial obligations.

10. Dunn is not a risk to public safety. He has no history of violence. Most importantly, Dunn will continue on supervised release related to prior conviction for the entire term of the supervised release he is asking the Court to terminate early related to this conviction.

11. The early termination of supervised release in this case is sought for the purpose of advancing Dunn in transition to community life. Early termination would mark the end to this chapter in his story and gives him the opportunity to move pass this mistake. It would signal to Dunn's friends, family, and employer that he has established a responsible, productive lifestyle. The benefits to Mr. Dunn are real and tangible. Actions for which he is ashamed and regretful have been punished and restitution has been made. However, the risk of early termination is non-existent, as he remains on supervised release related to his prior conviction.

## CONCLUSION

12. Early termination of supervised release is warranted due to Dunn's exemplary post-conviction adjustment and conduct, including completing discharging the financial obligations related to this case.

Respectfully submitted,

**HILDER & ASSOCIATES, P.C.**

By: */s/ Philip H. Hilder*
Philip H. Hilder
State Bar No. 09620050
Paul L. Creech
State Bar No. 24075578
819 Lovett Blvd.
Houston, Texas 77006-3905
Telephone (713) 655-9111
Facsimile (713) 655-9112

ATTORNEYS FOR DEFENDANT
JAMES EARL DUNN, JR.

**CERTIFICATE OF CONFERENCE**

I hereby certify that on October 3, 2016, I conferred with Assistant U.S. Attorney in charge of this case, Quincy L. Ollison, regarding this motion and that he indicated the Government is unopposed to Defendant's Motion for Early Termination of Supervised Release.

*/s/ Philip H. Hilder*
Philip H. Hilder

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2016, a true and correct copy of this pleading was served on all counsel of record via ECF.

*/s/ Philip H. Hilder*
Philip H. Hilder